UNITED STATES of America,

v.

Steadman FRANCIS, a/k/a/ Franco

Steadman Francis, Appellant.

No. 02–2581.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) June 16, 2003.

Decided July 16, 2003.

Before: ALITO, ROTH, and HALL,[1]
Circuit Judges.

1.  The Honorable Cynthia H. Hall, Senior Circuit Judge for the United States Court of Appeals for the Ninth Circuit, sitting by designation.

## OPINION OF THE COURT

ALITO, Circuit Judge.

Steadman Francis was convicted of one count of conspiring to import more than 500 grams of cocaine into the United States, in violation of Title 21, United States Code, Sections 952(a), 960(a)(1) and 963. He was sentenced to 151 months' imprisonment, five years' supervised release, and a $3,000 fine. In this appeal, he argues that a single comment in the government's closing argument constituted prosecutorial misconduct and deprived him of his right to a fair trial. We affirm.

█ Francis, together with Hyacinth Bailey and Veronica Nelson, conspired to import cocaine from Jamaica using female couriers.[2] On May 1, 1996, Francis flew from Jamaica to Brooklyn, New York, where he met with five couriers, providing them with spending money and airline tickets. He returned to Jamaica on May 7, 1996. The couriers then flew to Jamaica, where Francis gave them plastic-wrapped pellets of cocaine, with instructions either to swallow or secrete the pellets internally.[3] On May 10 and 13, 1996, the couriers flew in different groups to either Newark, New Jersey, or Miami, Florida. They were all arrested immediately upon their arrival in the United States. On May 13, 1996, Francis flew to Miami, returning to Jamaica two days later. He was arrested in the United States on September 11, 2000.

The evidence presented at Francis's trial included a compilation of his arrival records, which showed that he had made almost 100 round-trip flights between Jamaica and the United States since 1991 but had abruptly stopped traveling after the couriers were arrested in May 1996. App. at 512–21. By way of explanation, Francis testified that he had made frequent trips to the United States in order to provision a small general store that he operated in Jamaica. During closing arguments, the Government addressed Francis's contention with the following:

He's trying to portray himself as this businessman who comes to the United States to buy lots of items. And I'm not disputing that when he was in the United States he may, in fact, have brought [sic] items that he brought back to Jamaica. But he's running a little salon business out of Jamaica. Ask yourself this: Would it make more sense, both in terms of time and in terms of finances, to simply have a company in the United States ship you items that you sell in Jamaica? Or are you going to come up every time and physically lug these things back and pay the incredibly large added expense of airline fare?

His story really just makes no sense whatsoever. *And I suggest to you that these trips may have a much more sinister nature to them just like the May 1st to May 7th trip and the May 13th and May 15th trips did.*

App. at 466: 3–17 (emphasis added). In this appeal, Francis contends that the italicized portion of the Government's statement deprived him of his right to a fair trial because it "invited the jury to infer there was incriminating evidence that they were not permitted to hear." Appellant's Br. at 7.

Because Francis offered no contemporaneous objection, we review for plain error.

---

2. Bailey is a fugitive from justice. Nelson pled guilty to conspiring to import more than 500 grams of cocaine and, on June 3, 1998, she was sentenced by the District Court to 70 months' imprisonment.

3. Between them, the five couriers were able to conceal approximately 850 grams of cocaine.

*United States v. Saada,* 212 F.3d 210, 224 (3d Cir.2000). To merit reversal, "[t]here must be an 'error' that is 'plain' and that 'affect[s] substantial rights.'" *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoting Fed.R.Crim.P. 52(b)) (alteration in original). "'Plain' is synonymous with 'clear' or, equivalently, 'obvious'", while an error that affects substantial rights, "in most cases ... means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.... It is the defendant rather than the Government who bears the burden of persuasion with respect to prejudice." *Id.* at 734, 113 S.Ct. 1770. We evaluate the prosecutor's comment in the context of the trial as a whole to determine whether the comment was a permissible response to arguments by the defense. *United States v. DiPasquale,* 740 F.2d 1282, 1296 (3d Cir.1984). Furthermore, "[t]he prosecutor is entitled to considerable latitude in summation to argue the evidence and any reasonable inferences that can be drawn from that evidence." *United States v. Werme,* 939 F.2d 108, 117 (3d Cir.1991).

Francis argues that the prosecutor's comment that "these [prior] trips may have a much more sinister nature to them", App. at 466: 15–16, was an impermissible suggestion that "all the defendant's trips to the United States were for illegal purposes" and that the comment "invited the jury to infer there was incriminating evidence that they were not permitted to hear." Appellant's Br. at 7. In so arguing, Francis takes the comment out of its proper context. The statement was part of the government's discussion of Francis's own explanation of why he traveled so frequently between Jamaica and the United States. *Id.* at 466: 2–13. The government was not, as Francis suggests, impermissibly alluding to other incrimina-

ting evidence that the jury was not permitted to hear; rather, it was merely proposing a "reasonable inference[ ] that can be drawn from th[e] evidence", *Werme,* 939 F.2d at 117, namely, that Francis's explanation, that he flew 100 times in five years between the United States and Jamaica in order to stock a small general store, was not credible and that the trips he took before May 1996 may therefore have been related to the importation of cocaine.

█ Even if we assume, for the sake of argument, that the government's reference to Francis' frequent travels between the United States and Jamaica as having a "much more sinister nature" was an obvious error, we will not disturb the verdict unless the error "affected the outcome of the district court proceedings." *Olano,* 507 U.S. at 734, 113 S.Ct. 1770. At trial, the government presented a mass of additional evidence that pointed to Francis's guilt. Three of the couriers, Janique Joseph, Gillian Carnegie and Kesha Grant, identified Francis and described how he had met them in Brooklyn, where he provided them with plane tickets, and Montego Bay, Jamaica, where he provided them with cocaine pellets and instructions for their use. The jury was also shown hotel and telephone records establishing that, in May 1996, Francis had stayed in Brooklyn and had been in contact with co-conspirators Bailey and Nelson. The jury also heard a tape recording of a May 10, 1996, telephone call from Grant to Bailey, in which they identified Francis as a key member of the conspiracy. App. at 504–11. Finally, a federal agent testified that Francis had confessed to his role in the conspiracy. In the face of such overwhelming evidence, we cannot say that the jury's verdict would have been different, if the government had not impugned Francis's motives for flying from Jamaica to the

United States on occasions other than May 1 and May 13, 1996.

In sum, the government's suggestion during closing argument that Francis's frequent prior trips between Jamaica and the United States "had a sinister nature to them" did not deprive Francis of his right to a fair trial.